IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHELLE WALKER-COOK and GENEVIEVE MARIE WALKER,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRATED HEALTH RESOURCES, LLC, ET AL.,<br><br>Defendants. | ) | CIVIL NO. 12-00146 ACK-RLP<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF MICHELLE WALKER-COOK'S MOTION TO STRIKE DEFENDANTS' ANSWER AND CITED DEFENSES |

FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF MICHELLE WALKER-COOK'S MOTION TO STRIKE DEFENDANTS' ANSWER AND CITED DEFENSES[1]

Before the Court is Plaintiff Michelle Walker-Cook's Motion to Strike Defendants' Answer and Cited Defenses, filed on April 26, 2012 ("Motion"). ECF No. 19. Defendants filed their Opposition on May 10, 2012. ECF No. 29. On May 22, 2012, the Court granted Plaintiffs' request to extend the time for Plaintiff Walker-Cook to file a reply to the Motion. See ECF No. 36. Plaintiff Walker-Cook filed her Reply on August 6, 2012. ECF No. 53. After careful review of the papers filed in this action and the applicable legal authority, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

the Motion.

## BACKGROUND

This action arises from Plaintiff Genevieve Marie Walker's stay as a resident of the Leeward Integrated Health Services Nursing Home, now known as Puuwai O Makaha Nursing Home ("Nursing Home"), starting in April 2011. Compl. ¶ 30. Plaintiff Walker-Cook held a power of attorney for Plaintiff Walker, her mother, while Plaintiff Walker was a resident in the Nursing Home. Id. Plaintiffs allege that Defendants submitted multiple bills for Plaintiff Walker's stay at the Nursing Home that contained false excessive charges and that Defendants received payment for those bills. Id. ¶¶ 48-98. Plaintiffs assert claims against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, and intentional infliction of emotional distress. Id. ¶¶ 111-166. Defendants timely answered the Complaint on April 5, 2012. ECF No. 15. Plaintiffs filed the present Motion on April 26, 2012. ECF No. 19. On May 10, 2012, Defendants filed a motion to dismiss the Complaint based on Plaintiffs' alleged failure to comply with the Local Rules regarding complaints alleging RICO violations. See ECF No. 29. The motion to dismiss is set for hearing before Senior District Judge Alan C. Kay on October 1, 2012. ECF No. 30.

ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). "Redundant matter is defined as allegations that constitute a needless repetition of other averments or are foreign to the issue." Sliger v. Prospect Mortg., LLC, 789 F.Supp. 2d 1212, 1216 (E.D. Cal. 2011) (quotations and citations omitted). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotations and citations omitted), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. Finally, "[s]candalous matter improperly casts a derogatory light on someone, most typically on a party to the action." Germaine Music v. Universal Songs of Polygram, 275 F.Supp. 2d 1288, 1300 (D. Nev. 2003) (quotations and citations omitted).

The purpose of a Rule 12(f) motion is to "avoid the

expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, 984 F.2d at 1527). Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012) (quoting Neilson v. Union Bank of Cal., N.A., 290 F.Supp. 2d 1101, 1152 (C.D. Cal. 2003)). As a result, "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

Plaintiff Walker-Cook moves to strike six portions of Defendants' Answer: (1) Defendants' first defense (Mot. at 18-19); (2) Paragraphs 1, 2, and 3 of Defendants' Answer (Mot. at 17-18, 19); (3) Defendants' third through ninth defenses related to Plaintiffs' RICO claims (Mot. at 17, 18-20); (4) Defendants' thirteenth, fourteenth, and fifteenth defenses related to defamation (Mot. at 5-6); (5) Defendants' "restyling" of the named Defendants in their Answer (Mot. at 13-14); and (6) Defendants' request for attorneys' fees (Mot. at 15). Although

Plaintiff Walker-Cook lists all of Defendants' defenses

in her Motion (see Mot. at 15), she only makes arguments in support of her request to strike these six specific portions of the Answer. Mot. at 15. The Court addresses each contested portion of the Answer in turn.

**1. Defendants' First Defense**

Plaintiff Walker-Cook asks the Court to strike Defendants' first defense, which states that the Complaint fails to state a claim upon which relief can be granted. See Mot. at 18-19. Plaintiff Walker-Cook asserts that this "affirmative defense" is insufficient because it does not meet the standards articulated by the Supreme Court in Bell Atlantic Corporation v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Mot. at 4, 11, 15-16; Reply at 6-7.

As an initial matter, Defendants' first defense is not an affirmative defense. Defendants' first defense expressly states that Plaintiffs' allegations in the Complaint fail to state a claim. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S.Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (citing Flav-O-Rich v. Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)). Defenses that negate an element of the plaintiffs' prima facie case "are excluded from the definition of affirmative defense in Federal Rule of Civil Procedure 8(c)." Flav-O-Rich, 846 F.2d at 1349 (citing Ford

Motor Co. v. Trans. Indem. Co., 795 F.2d 538, 546 (6th Cir. 1986)).

Even assuming that Defendants' first defense is properly characterized as an affirmative defense, courts in this district have declined to extend the pleading standards in Twombly and Iqbal to affirmative defenses. See, e.g., Cape Flattery Ltd. v. Titan Maritime LLC, Civil No. 08-00482 JMS/KSC, 2012 WL 3113168 (D. Haw. July 31, 2012). As the court stated, "the Ninth Circuit has described the pleading standard for affirmative defenses as a 'fair notice' standard, Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979), and has continued to apply this standard since Twombly and Iqbal." Id. at *10 (citing Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010)).

Regardless of how Defendants' first defense is characterized, there is no basis to strike it under Rule 12(f). As noted above, a defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. See Wyshak, 607 F.2d at 827. Plaintiff Walker-Cook has not demonstrated that Defendants' first defense is insufficient under this standard. Plaintiff Walker-Cook mistakenly states that Rule 12(b) requires an answer presenting this defense to include "a short, concise statement of the grounds on which such defense is based." See Mot. at 18 (purporting to quote Rule 12(b)). However, no such requirement appears in the Federal Rules of Civil Procedure. See

Fed. R. Civ. P. 12. Rather, Rule 8(b) provides that a defendant must "state in short and plain terms its defenses to each claim asserted against it" in its answer. Fed. R. Civ. P. 8(b)(1)(A). Defendants' Answer contains specific responses to the allegations in the Complaint and provides specific defenses to the six counts asserted by Plaintiffs. See Answer ¶¶ 67-94, 95-103. The Court will not address the substantive arguments made by the parties regarding the sufficiency of claims alleged in the Complaint. See Opp. at 6-7; Reply at 3-6. However, the Court finds that Defendants' first defense is sufficient for purposes of surviving a Rule 12(f) motion to strike. Accordingly, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff Walker-Cook's request to strike Defendants' first defense.

**2. Paragraph 2 of Defendants' Answer**

Second, Plaintiff Walker-Cook asks the Court to strike paragraph two of Defendants' Answer, which responds to paragraphs 1, 2, and 3 of the Complaint. Paragraphs 1, 2, and 3 of the Complaint provide:

> 1. This is a federal question case. This Court has jurisdiction of the claims herein pursuant to 18 U.S.C.A. §1964(a),(c), and 28 U.S.C.A. §1331. This Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 USC § 1367 as these claims are intricately related to Plaintiffs' RICO claim and form part of the same case or controversy.
>
> 2. This civil action arises under the laws of the United States. Plaintiffs are alleging

> violations of their rights under Title IX of the Organized Crime Control Act of 1970, as amended, 18 U.S.C.A. §§1961 et seq. (“RICO”), 1962(a),(b),(c) and arising under the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 et seq. (“ADA”)
>
> 3. Venue is proper in the U.S. District Court for the District of Hawaii pursuant to applicable law including, but not limited to, 18 U.S.C. §1965(a), (b),(c) and 28 U.S.C. §1391(b),(c). . . .

Compl. ¶¶ 1-3. In responding to these paragraphs, Defendants “state that the statutes speak for themselves” and that “these allegations call for legal conclusions to which no response is required.” Answer at 3. Plaintiff Walker-Cook argues that “Defendants have or should have knowledge as to the information necessary to form a belief as to the allegations of Paragraphs 1 and 3” of the Complaint if “Defendants[] had simply picked up and read the Plaintiff’s [sic] complaint, they would have clearly understood” the nature of the allegations in paragraphs 1, 2, and 3. Mot. at 18.

There is no basis to strike paragraph 2 of the Answer under Rule 12(f). These responses are not redundant, immaterial, impertinent, or scandalous. Taking the Answer as a whole, Defendants have made specific admissions and denials of the allegations in each paragraph in addition to their statements regarding the statutes and legal conclusions alleged by Plaintiffs in paragraph 1, 2, and 3 of the Complaint. In these circumstances, there is no basis to strike paragraph 2 of

Defendants' Answer. See, e.g., Guifu Li v. A Perfect Franchise, Inc., No. 5:10-CV-01189-LHK, 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011) (denying plaintiffs' motion to strike defendants' answer, which stated that the complaint contained legal conclusions that required no answer, because the defendant also denied specific factual allegations elsewhere in the answer); Sykes v. Cigna Life Ins. Co., No. C 10-01126 CRB, 2010 WL 3324261, at *3 (N.D. Cal. Aug. 23, 2010) (similarly denying plaintiff's motion to strike defendant's responses in its answer that "the documents speak for themselves" and that denied plaintiff's legal conclusions). The Court FINDS AND RECOMMENDS that the district court DENY Plaintiff Walker-Cook's request to strike paragraph 2 of Defendants' Answer.

**3. Defendants' Third Through Ninth Defenses Related to Plaintiffs' RICO claim**

Plaintiff Walker-Cook requests that the Court strike Defendants' third through ninth "affirmative defenses." Mot. at 17, 18-20. Each of these defenses state that Plaintiffs have failed to sufficiently allege an element of the prima facie case for stating a RICO violation. See Answer ¶¶ 95-103. As discussed above, defenses that challenge the prima facie elements of a plaintiffs' claims are not affirmative defenses. Zivkovic, 302 F.3d at 1088. Regardless of their characterization, these defenses are not insufficient. Each of these defenses address a

particular element of Plaintiffs' RICO claims and state that Plaintiffs have failed to meet that requirement. These defenses provide fair notice to Plaintiffs of the defense asserted. See Wyshack, 607 F.2d at 827. Accordingly, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff Walker-Cook's request to strike Defendants' third through ninth defenses.

**4. Defendants' Thirteenth, Fourteenth, and Fifteenth Defenses Related to Defamation**

Plaintiff Walker-Cook requests that the Court strike Defendants' defenses related to defamation. Mot. at 5-6. Plaintiff Walker-Cook asserts that these defenses are immaterial because "this is not a cause of action that pleads defamation and/or libel and/or slander." Mot. at 6. Although Plaintiffs may not have intended to assert a claim for defamation against Defendants, paragraph 108 of the Complaint contains statements allegedly made by Defendant Barton and asserts that these statements are "actionable as defamation." Compl. ¶ 108. Because Plaintiffs' Complaint contains allegations regarding defamation, Defendants' defenses regarding defamation are not immaterial. Accordingly, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff Walker-Cook's request to strike Defendants' thirteenth, fourteenth, and fifteenth defenses.

**5. Defendants' "Restyling" of the Named Defendants**

Plaintiff Walker-Cook requests that the Court strike

Defendants' "restyling" of the named Defendants in their Answer. Mot. at 13-14. Plaintiffs name eight defendants in their Complaint: Integrated Health Resources, LLC; Leeward Integrated Health Services, Inc.; Ohana Pacific Management Company, Inc.; Puuwai O Makaha Nursing Home; Randall Hata; Therese Campos; Susan Hirao; and Jackie Barton. Compl. at 1-2. In answering the Complaint, Defendants answered on behalf of seven of the named defendants and on behalf of "Leeward Integrated Health Services *sued erroneously herein as* Leeward Integrated Health Services, Inc." Answer at 2.[2]

In their Opposition, Defendants assert that they identified the proper party by answering on behalf of Leeward Integrated Health Services ("LIHS"). Opp. at 9. Defendants argue that Plaintiffs named "the wrong party" when they sued Leeward Integrated Health Services, Inc. ("LIHS, Inc.") Id. Defendants state that LIHS, Inc. is an unrelated legal entity from another defendant, Integrated Health Resources LLC. Opp. at 8-9. However, Defendants do not explain the relationship, if any, between LIHS, Inc. and LIHS. See Opp. at 8-9. Defendants assert that LIHS, Inc. originally built and operated the Nursing

Home, but has not exercised control over the operation

[2] The Court notes that, contrary to Plaintiffs' assertions, Defendants do not change the caption of this case in their Answer. The caption reflects the same eight defendants named by Plaintiffs in their Complaint. See Answer at 1-2. Additionally, no change in the parties' names is reflected on the docket.

of the Nursing Home since 2003, and therefore is not a "proper party" to this litigation. Opp. at 9.

The Court finds that Defendants' unilateral substitution of LIHS for LIHS, Inc. is immaterial and impertinent to the defenses being pleaded and should be stricken from Defendants' Answer. Defendants have improperly attempted to substitute LIHS for a separate, unrelated legal entity. The Court recognizes that it may be appropriate in certain circumstances to answer a complaint on behalf of a defendant "sued erroneously" under another name if the plaintiff misspelled the defendant's name or mistakenly named a closely related entity. However, here there appear to be two separate, unrelated legal entities involved: LIHS and LIHS, Inc. Plaintiffs chose to name LIHS, Inc. in their lawsuit. Although Defendants may disagree with that choice, Plaintiffs are entitled to proceed against the defendants that they choose. If Plaintiffs have named the "wrong party," as Defendants' argue, such issues are properly resolved through an appropriate motion and not through the unilateral substitution of a defendant in the Answer. Allowing Defendants' Answer to proceed on behalf of LIHS sued erroneously as LIHS, Inc. would potentially prejudice Plaintiffs and confuse the issues regarding the proper parties to this litigation. See Fantasy, 984 F.2d at 1527–28. The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff Walker-Cook's request to strike Defendants' Answer to the extent the

Answer purports to respond to the Complaint on behalf of "Leeward Integrated Health Services *sued erroneously herein as* Leeward Integrated Health Services, Inc."

**6. Defendants' request for attorneys' fees**

Plaintiff Walker-Cook asks the Court to strike Defendants' request for attorneys' fees. Mot. at 15. Defendants' Answer contains a prayer for relief, which includes a request that the court award Defendants their costs, expenses, and attorneys' fee. See Answer at 26. Plaintiff Walker-Cook argues that Defendants' request for attorneys' fees fails to comply with Rule 8, is a conclusory legal assertion, and lacks factual support. Mot. at 17. Under Rule 12(f), the court's inquiry is limited to whether the statement constitutes either an insufficient defense, or a redundant, immaterial, impertinent, or scandalous matter. Plaintiff Walker-Cook does not explain how the request for attorneys' fees fits into any of these categories. To the extent Plaintiff Walker-Cook is arguing that Defendants are not entitled to attorneys' fees as a matter of law, Rule 12(f) is not the appropriate vehicle. Whittlestone, 618 F.3d at 971 ("Rule 12(f) does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law."). The Court FINDS AND RECOMMENDS that the district court DENY Plaintiff Walker-Cook's request to strike Defendants' request for attorneys' fees.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff Walker-Cook's Motion as follows:

1. DENY Plaintiff Walker-Cook's request to strike Defendants' first defense.

2. DENY Plaintiff Walker-Cook's request to strike paragraph 2 of Defendants' Answer.

3. DENY Plaintiff Walker-Cook's request to strike Defendants' third through ninth defenses.

4. DENY Plaintiff Walker-Cook's request to strike Defendants' thirteenth, fourteenth, and fifteenth defenses.

5. GRANT Plaintiff Walker-Cook's request to strike Defendants' Answer to the extent the Answer purports to respond to the Complaint on behalf of "Leeward Integrated Health Services *sued erroneously herein as* Leeward Integrated Health Services, Inc."

6. DENY Plaintiff Walker-Cook's request to strike Defendants' request for attorneys' fees.

7. GRANT Defendants leave to file an amended answer in conformity with this decision within 20 days of the district court's adoption of this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED HONOLULU, HAWAII, AUGUST 10, 2012.




Richard L. Puglisi
United States Magistrate Judge

**WALKER-COOK, ET AL. V. INTEGRATED HEALTH RESOURCES, LLC; ET AL., CIVIL NO. 12-00146 ACK-RLP; FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF MICHELLE WALKER-COOK'S MOTION TO STRIKE DEFENDANTS' ANSWER AND CITED DEFENSES**